# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | | |
|---|---|---|
| ANTOINE SMITH, #379974, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-0011 |
| | ) | |
| BRUCE WOODS *et al.*, | ) | Senior Judge Haynes |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff, Antoine Smith, a state prisoner at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee, filed this pro se action under 42 U.S.C. § 1983, against the Defendants: Bruce Woods, CCA Corporation, Avril Chapman, Daniel Pritchard, Daniel Sullivan and f/n/a Ponds. Plaintiff asserts claims for violation of his Eighth Amendment right to personal safety for which Plaintiff seeks damages and injunctive relief.

According to the complaint, on February 18, 2014, Plaintiff alleges that the Defendant Woods, SCCF's principal, sexually propositioned him and "grabbed" his testicles "really hard." (Docket Entry No. 1, Complaint at 5). Plaintiff filed grievances about this incident and was told that an investigation would be done, but "that was [the] last thing heard on this matter." Id. Plaintiff alleges that this incident caused him to seek a mental evaluation. Id. at 3. Plaintiff also alleges that Defendant Woods "retaliated by a series of write-ups," but all of the write-ups were dismissed. Id. at 5. Plaintiff alleges that Defendant Woods continues to harass him, but Plaintiff does not specify the manner.

Plaintiff also alleges that Defendants Chapman, Pritchard, Sullivan and [f/n/u] Ponds of

Internal Affairs "knowingly and deliberately placed [Plaintiff] in and around a known sexual predator." Id. at 8. Plaintiff alleges that, since February 18, 2014, he has discovered that officials at SCCF "knew about previous sexual misconduct concerning Defendant Woods, but still knowingly placed inmates in danger and potential danger." Id. at 5.

The Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), 42 U.S.C. § 1997e(c). Under the PLRA, the Court must conduct an initial review of any prisoner complaint filed in forma pauperis, 28 U.S.C. § 1915(e)(2) that seeks relief from government entities or officials, 28 U.S.C. § 1915A(a), or challenges the prisoner's conditions of confinement, 42 U.S.C. § 1997e(c). For this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A(b); 42 U.S.C. § 1997e(c).

The dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), governs dismissals under the PLRA "because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In considering whether a pro se prisoner's complaint meets this standard, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded

factual allegations as true." Tackett v. M&G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citations omitted). Pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991).

To state a claim under § 1983, Plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." Tahfs v. Proctor, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Plaintiff's claims are based upon Defendant Woods's alleged unwanted sexual proposition and touching of Plaintiff as a violation of his Eighth Amendment right to be free from cruel and unusual punishment. "The sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997) (citations omitted). For such "a constitutional claim of sexual [abuse], an inmate must . . . prove, as an objective matter, that the alleged abuse . . . caused 'pain'. . . ." Id. (citing Hudson v. McMillian, 503 U.S. 1, 8 (1992)); see also 42 U.S.C. § 1997e(e) (barring any federal civil action by a "prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury"). Yet, to state an Eighth Amendment claim, an alleged sexual battery should be "objectively harmful enough to establish a constitutional violation." Jackson v. Madery, 158 F. App'x 656, 661 (6th Cir. 2005) (citing Hudson, 503 U.S. at 8).

Plaintiff's allegation that Defendant Woods grabbed his testicles "really hard" constitutes a physical injury that caused Plaintiff to seek a "mental evaluation." (Docket Entry No. 1, Complaint at 3.) Based on these facts, the Court concludes that Plaintiff states a viable Eighth Amendment claim against Defendant Woods.

Plaintiff alleges that he wrote a grievance against Defendant Woods to protest Woods's sexual misconduct. Plaintiff also alleges that Woods has retaliated against him by issuing "write-ups," all of which have been dismissed. Plaintiff also claims that Woods retaliated against him for filing the grievance by issuing false disciplinary write-ups. Specifically, he states:

> Mr. Bruce Woods retaliated by a series of write-ups in which after ten write-ups none was promoted all was dismissed. Mr. Bruce Woods continue to harass me. Mr. [Antoine] Smith followed all proper channel just to be ignored totally about his complaint.

(Complaint at 5.)

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. Thaddeus–X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). There are three elements to a First Amendment retaliation claim:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

Evans v. Vinson, 427 F. App'x 437, 445 (6th Cir. 2011) (quoting Thaddeus–X, 175 F.3d at 394.

The filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. Smith v. Campbell, 250 F.3d 1032, 1037 (6th Cir. 2001). A disciplinary charge sometimes constitutes an adverse action. Scott v. Stone, 254 F. App'x 469, 472 (6th Cir. 2007); Brown v. Crowley, 312 F.3d 782, 789 (6th Cir. 2002). The Court concludes that

Plaintiff was adversely affected by these write-ups and that Plaintiff states a First Amendment violation claim against the Defendant Woods.

Given Plaintiff's allegations that the remaining Defendants knowingly exposed inmates to Woods's sexual advances, the Court concludes Plaintiff states an Eighth Amendment claim for injunctive relief against the remaining Defendants.

An appropriate Order is filed herewith.

It is so **ORDERED**.

ENTERED this the 16th day of March, 2015.

WILLIAM J. HAYNES, JR
Senior United States District Judge