IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

ANTOINE SMITH                          )

                                   )

       v.                         )     NO:   1:15-0011

                                   )

BRUCE WOODS, et al.               )

TO:  Honorable William J. Haynes, Senior District Judge

## R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered May 7, 2015 (Docket Entry No. 19), this action was referred to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure, to hear and determine any pretrial issues and motions, to conduct any necessary conferences and hearings, and to submit a report and recommendation for disposition of any motion filed under Rules 12, 15, 56, and 65 of the Federal Rules of Civil Procedure.

Presently pending is the motion to dismiss (Docket Entry No. 23) filed by Defendant Corrections Corporation of America., Inc., ("CCA"), to which Plaintiff has filed a response in opposition (Docket Entry No. 35). For the reasons set out below, the Court recommends that the motion be granted.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Tennessee Department of Correction ("TDOC") who is currently confined at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee.

On February 20, 2015, he filed this action *pro se* and *in forma pauperis* against CCA and five prison offiicials at SCCF: Avril Chapman, Bruce Woods, Daniel Pritchard, Daniel Sullivan, and f/n/u "Ponds." Plaintiff seeks damages and injunctive relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have occurred during his confinement at the SCCF in 2014.

Plaintiff alleges that, on February 18, 2014, he was assaulted by Defendant Woods when Woods sexually propositioned him and "grabbed" his testicles "really hard" while the two men were in Wood's office. *See* Complaint (Docket Entry No. 1), at 5. Plaintiff asserts that he suffered pain and emotional injury because of this incident and that his grievance about the matter was essentially ignored.[1] Plaintiff alleges that Woods later retaliated against him by issuing him false disciplinary write-ups that were dismissed and also engaged in other unspecified acts of harassment against Plaintiff. *Id*. Plaintiff contends that he "found information showing that South Central Correctional Facility knew about previous sexual misconduct concerning [Woods] but still knowingly placed inmates in danger and potential danger." *Id*.

Upon initial review of Plaintiff's complaint under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A, the Court concluded that Plaintiff stated colorable constitutional claims under the First and Eighth Amendments against Defendant Woods and also stated a colorable Eighth Amendment claim for injunctive relief against the remaining Defendants. *See* Memorandum entered March 16, 2015 (Docket Entry No. 3). All Defendants, except for Defendant "Ponds," have been served and have filed a joint answer to the Complaint. *See* Docket Entry No. 25. Process for Defendant "Ponds" was returned unexecuted with a notation that a person matching this name could not be located. *See*

---

[1] Prison grievance documents attached to the Complaint show that Plaintiff's grievance about the matter was processed but found to be unsubstantiated. *See* Docket Entry No. 1-2.

Docket Entry No. 14.  A scheduling order setting out deadlines for pretrial activity has been entered. *See* Docket Entry No. 29.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of a *pro se* Plaintiff.  *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, Plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief.  *Twombly*, 550 U.S. at 555-61.  More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory.  *Id*.; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988).  The Court need not accept as true legal conclusions or unwarranted factual inferences.  *See Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000), *abrogated in part on other grounds*, *Buckhannon Bd. & Care Home, Inc.*

3

*v. West Va. Dep't of Health & Human Res.*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." *Iqbal*, 566 U.S. at 678-79. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 557).

### III. CONCLUSIONS

Defendant CCA argues that Plaintiff's claims against it should be dismissed for failure to state a claim upon which relief can be granted. Defendant CCA contends that there are no factual allegations made against it in the Complaint and that it is merely listed as a defendant. Defendant CCA argues that nowhere in Plaintiff's Complaint does he allege that any custom, policy or practice on the part of CCA led to the alleged constitutional violations and there are, thus, no factual allegations that support a constitutional claim for relief against it. *See* Memorandum in Support (Docket Entry No. 24) at 3-4.[2]

In response, Plaintiff expounds on the factual allegations made in his Complaint. Specifically, he provides more detailed allegations for his contention that Defendants Pritchard and Sullivan knew that Defendant Woods had a history of being a sex offender and had been "banned" from teaching in any public schools. *See* Plaintiff's Response (Docket Entry No. 35). Plaintiff argues that Defendant CCA was required to conduct a background check on its employees and "knew and assumed all legal responsibility [for] any criminal actions made or involved by defendant

---

[2] The motion to dismiss is brought on behalf of only Defendant CCA.

Bruce Woods." *Id*. at 2. In reply, Defendants argue that Plaintiff's Response contains factual allegations not set out in his Complaint that should not be considered and, furthermore, that the Response, even if considered in its entirety, fails to support a claim for relief against Defendant CCA. *See* Reply (Docket Entry No. 39).

Although Defendant CCA is subject to suit under 42 U.S.C. § 1983 as an entity to which the traditional state function of operating a correctional facility has been contractually delegated, *see West v. Atkins*, 487 U.S. 42, 56, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Street v. Corrections Corp. of Am.*, 102 F.3d 810, 814 (1996), respondeat superior is not a proper basis for liability under Section 1983. *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006); *Street*, 102 F.3d at 817-18. Thus, contrary to Plaintiff's contention, Defendant CCA cannot be deemed liable under Section 1983 based on vicarious liability merely because it employed Defendant Woods or any of the other named Defendants. *Street*, *supra*.

Instead, any claim under Section 1983 against Defendant CCA must be premised upon a showing of municipal liability under the analysis set out in *Monell v. Department of Soc. Servs*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *See Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005). In *Monell*, the United States Supreme Court held that a municipality can be found liable under Section 1983 if a policy of the municipality itself causes the constitutional violation at issue. The Supreme Court said, "[i]t is when execution of a government's policy or custom ... inflicts the injury that the government as an entity is responsible under § 1983." 436 U.S. at 694. In short, Plaintiff must show that Defendant CCA was the "moving force" behind the alleged violation of his constitutional rights by Defendant Woods. *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S.Ct.

5

1197, 103 L.Ed.2d 412 (1989), *abrogated on other grounds*, *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting *Monell*, 436 U.S. at 694).

Plaintiff's allegations fail to satisfy this standard. His allegations fail to set out the existence of a policy or custom of CCA that show, or even support an inference, that a CCA policy or custom was the moving force behind the alleged constitutional violations. As this Court has noted, "[i]n the context of Section 1983 municipal liability, district courts in the Sixth Circuit have interpreted *Iqbal's* standards strictly." *Hutchison v. Metropolitan Gov't of Nashville and Davidson Cnty.*, 685 F.Supp.2d 747, 751 (M.D. Tenn. Feb. 5, 2010) (J. Nixon) (collecting cases). Plaintiff's contention that CCA failed to conduct an adequate background check on Defendant Woods, even if assumed to be true and even if assumed to satisfy the *Monell* standard for the showing of a policy or custom, merely raises an allegation that CCA was negligent in its hiring practices. Such an allegation is not sufficient to support a claim against CCA under Section 1983 because negligent conduct does not satisfy the culpability standards required under Section 1983. *See Estelle v. Gamble*, 429 U.S. 97, 105–106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Lewellen v. Metropolitan Gov't of Nashville & Davidson Co.*, Tenn., 34 F.3d 345 (6th Cir. 1994); *Hays v. Jefferson County, Ky.*, 668 F.2d 869 (6th Cir. 1982).

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 23) filed by Defendant Corrections Corporation of America., Inc., be GRANTED and that Corrections Corporation of America., Inc., be DISMISSED from this action.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge