IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

ANTOINE SMITH )
)
v. ) NO: 1:15-0011
)
BRUCE WOODS, et al. )

TO: Honorable William J. Haynes, Senior District Judge

# REPORT AND RECOMENDATION

By Order entered May 7, 2015 (Docket Entry No. 19), this action was referred to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure, to hear and determine any pretrial issues and motions, to conduct any necessary conferences and hearings, and to submit a report and recommendation for disposition of any motion filed under Rules 12, 15, 56, and 65 of the Federal Rules of Civil Procedure.

Plaintiff is an inmate in the custody of the Tennessee Department of Correction ("TDOC") who is currently confined at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee. On February 20, 2015, he filed this action *pro se* and *in forma pauperis* against CCA and five prison officials at SCCF: Avril Chapman, Bruce Woods, Daniel Pritchard, Daniel Sullivan, and f/n/u "Ponds." Plaintiff seeks damages and injunctive relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have occurred during his confinement at the SCCF. He alleges that he was sexually assaulted by Defendant Woods, suffering pain and emotional injury because of the incident. Plaintiff further alleges that Defendant Woods later retaliated against him by issuing him false disciplinary write-ups and also engaged in other unspecified acts of harassment against

Plaintiff. Plaintiff contends that he "found information showing that South Central Correctional Facility knew about previous sexual misconduct concerning [Woods] but still knowingly placed inmates in danger and potential danger." *See* Complaint (Docket Entry No. 1) at 5.

Upon initial review of Plaintiff's complaint under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A, the Court concluded that Plaintiff stated colorable constitutional claims under the First and Eighth Amendments against Defendant Woods and also stated a colorable Eighth Amendment claim for injunctive relief against the remaining Defendants. *See* Memorandum entered March 16, 2015 (Docket Entry No. 3). A scheduling order setting out deadlines for pretrial activity has been entered, *see* Docket Entry No. 29, a Report and Recommendation is pending recommending the dismissal of Defendant CCA, *see* Docket Entry No. 42, and the parties have filed summary judgment motions that are currently pending before the Court. *See* Docket Entry Nos. 52 and 62.

Plaintiff has filed a motion to amend (Docket Entry No. 50) his complaint. Defendants have filed a response in opposition. *See* Docket Entry No. 61. The motion to amend lacks merit. The scheduling order (Docket Entry No. 29) set a deadline of August 20, 2015, to move to amend the pleadings. Plaintiff's motion to amend was filed October 15, 2015, and is untimely. Additionally, Plaintiff's only stated purpose for amending his complaint is to "correct and amend any deficiencies" in his original complaint. However, he fails to point out what deficiencies he seeks to cure and he fails to submit the proposed amendment. The Court finds that such an undefined and vague basis for an amendment does not satisfy the "when justice so requires" standard of Rule 15(a)(2) of the Federal Rules of Civil Procedure and warrants denial of the motion.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that Plaintiff's motion to amend (Docket Entry No. 50) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge