UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ANTOINE SMITH, | ) |
| Plaintiff, | ) |
| | ) |
| | ) No. 1-15-00011 |
| v. | ) Senior Judge Haynes |
| | ) |
| BRUCE WOODS, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation (Docket Entry No. 66) to deny Plaintiff Antoine Smith's motion for leave to amend complaint (Docket Entry No. 50). Plaintiff filed an objection (Docket Entry No. 70).

The Magistrate Judge concluded that Plaintiff's motion to amend the complaint was untimely, as the scheduling order set a deadline of August 20, 2015 to move to amend the pleadings, but Plaintiff waited until October 15, 2015, to file his motion. Additionally, Plaintiff's only stated purpose for amending his complaint was to "correct and amend any deficiencies" in his original complaint, but Plaintiff failed to state what deficiencies he sought to cure and failed to submit the proposed amended complaint. (Docket Entry No. 66 at 2).

In his objection, Plaintiff asserts that "Plaintiff feel that the lack of legal knowledge and the complete understanding of the scheduling order left the Plaintiff severely handicap in these legal proceeding." (Docket Entry No. 70 at 2).

"[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer."

Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir.1991). "Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) (citing Jourdan, 951 F.2d at110). Here, Plaintiff has shown the ability to file responses to motions and to cite case authority, and Plaintiff previously filed a motion for extension of time to respond to a motion to dismiss. Thus, Plaintiff cannot rely on the assertion that his "lack of legal knowledge" excuses him from missing the August 20, 2015 deadline.

Moreover, Plaintiff's request to amend his complaint to "correct and amend any deficiencies" in his original complaint without filing the proposed amended complaint is not a sufficiently particular request under Fed. R. Civ. P. 7(b). See Evans v. Pearson Enters., Inc., 434 F.3d 839, 853 (6th Cir. 2006) ("The district court did not abuse its discretion by denying [plaintiff's] first request for leave to amend her complaint because she failed to state the grounds for relief with particularity, and the district court did not abuse its discretion by denying her second request for leave because [plaintiff's] motion was not clearly presented as a distinct motion."); Doe v. Maximus, No. 3:10-00411, 2010 WL 4789963, at *6 (M.D. Tenn. Nov. 15, 2010) ("Here, Plaintiff's motion to amend fails to provide either a proposed amended complaint or a description of the proposed amendments. The motion fails to allege any additional facts or articulate the bases for any of Plaintiff's claims. Thus, the Court has no basis for finding that 'justice so requires' leave to amend."); Glick v. Farm Credit Servs. of Mid-Am., FLCA, No. 5:09CV02273, 2010 WL 3118673, at *1 (N.D. Ohio Aug. 6, 2010) ("The court must have knowledge of the substance of the proposed amendment to determine whether 'justice so requires,' [under Fed. R. Civ. P. 15(a)] and does not abuse its discretion by denying leave where the plaintiff fails to submit a proposed amended

complaint or otherwise disclose what amendments he intended to make.") (citing Roskam Baking Co. v. Lanham Machinery Co., 288 F.3d 895, 906 (6th Cir.2002)).

Accordingly, having considered Plaintiff's objection and conducted a de novo review of the Magistrate Judge's Report and Recommendation, the Report and Recommendation (Docket Entry No. 66) is **ADOPTED**, and Plaintiff's motion for leave to amend complaint (Docket Entry No. 50) is **DENIED**.

It is so **ORDERED**.

**ENTERED** this the 8nd day of December, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge