IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

ANTOINE SMITH )
)
v. ) NO: 1:15-0011
)
BRUCE WOODS, et al. )

TO: Honorable William J. Haynes, Senior District Judge

# **R E P O R T  A N D  R E C O M E N D A T I O N**

By Order entered May 7, 2015 (Docket Entry No. 19), this action was referred to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure, to hear and determine any pretrial issues and motions, to conduct any necessary conferences and hearings, and to submit a report and recommendation for disposition of any motion filed under Rules 12, 15, 56, and 65 of the Federal Rules of Civil Procedure.

Set out below is the Court's recommendation for the disposition of the following motions:

1) the motion for summary judgment of Defendants Arvil Chapman, Bruce Woods, Daniel Sullivan, and Daniel Pritchard (Docket Entry No. 52);

2) Plaintiff's motion for partial summary judgment (Docket Entry No. 62);

3) Plaintiff's motion to dismiss Defendants Arvil Chapman and Daniel Sullivan (Docket Entry No. 92);

4) Plaintiff's motion for a temporary restraining order (Docket Entry No. 95); and

5) the motion for summary judgment of Defendant Bryon Ponds (Docket Entry No. 97).

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Tennessee Department of Correction ("TDOC") who is currently confined at the Trousdale Turner Correctional Center in Hartsville, Tennessee. On February 20, 2015, he filed this action *pro se* and *in forma pauperis* seeking damages and injunctive relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have occurred at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee, where he was previously confined.

Plaintiff alleges that, on February 18, 2014, he was assaulted by SCCF employee Bruce Woods ("Woods") when Woods sexually propositioned him and "grabbed" his testicles "really hard" while the two men were in Wood's office. *See* Complaint (Docket Entry No. 1), at 5. Plaintiff asserts that he suffered pain and emotional injury because of this incident and that his grievance about the matter was found to be unsubstantiated. *See* Docket Entry No. 1-2. Plaintiff alleges that Woods later retaliated against him by issuing him a series of ten disciplinary write-ups that were false and were ultimately dismissed and that Woods also engaged in other unspecified acts of harassment. *See* Complaint at 5. Plaintiff contends that he "found information showing that South Central Correctional Facility knew about previous sexual misconduct concerning [Woods] but still knowingly placed inmates in danger and potential danger." *Id*. at 5 and 8.

Upon initial review of Plaintiff's complaint under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A, the Court concluded that Plaintiff stated colorable constitutional claims under the First and Eighth Amendments against Woods and also stated a colorable Eighth Amendment claim for injunctive relief against Corrections Corporation of America., Inc., ("CCA"), a private prison management company that has contracted to administer the SCCF, and five SCCF prison offiicials:

Woods, Avril Chapman ("Chapman"), Daniel Pritchard ("Pritchard"), Daniel Sullivan ("Sullivan"), and Bryon Ponds ("Ponds"). *See* Memorandum entered March 16, 2015 (Docket Entry No. 3). By Order entered December 4, 2015 (Docket Entry No. 80), Defendant CCA was dismissed from the action upon its motion. Pursuant to a scheduling order, the parties have been given a period for pretrial activity in the action. *See* Docket Entry No. 29. A jury trial is demanded by Plaintiff.

In their motions for summary judgment, Defendants Woods, Sullivan, and Ponds (hereinafter referred to collectively as "Defendants") argue that Plaintiff failed to file an administrative grievance against Sullivan or Ponds and failed to file an administrative grievance regarding his allegations of retaliation by Woods and, thus, failed to comply with the administrative exhaustion requirement of the Prison Litigation Reform Act for all claims other than his Eighth Amendment claim against Defendant Woods. Additionally, Defendants argue that there is insufficient factual support for Plaintiff's contention that any of Defendants violated his constitutionally protected rights. Although Defendant Woods acknowledges that an incident occurred on the day in question that required Woods to call for a correctional officer to escort Plaintiff out of his office, Woods denies Plaintiff's allegations that any type of sexual or physical assault occurred. Defendant Woods further denies issuing any disciplinary report to Plaintiff, let alone reports that were false and were dismissed. Defendants Sullivan and Ponds contend that there is no evidence supporting any type of claim that they acted with deliberate indifference to a threat to Plaintiff's safety caused by Defendant Woods. In support of their motions, Defendants rely upon the declarations of Leigh Staggs (Docket Entry Nos. 55 and 99), Bruce Woods (Docket Entry No. 56), Daniel Pritchard (Docket Entry No. 57), Daniel Sullivan (Docket Entry No. 58), Arvil Chapman (Docket Entry No. 59), and Mary Beth Holt

(Docket Entry No. 60), and Bryon Ponds (Docket Entry No. 100), and with copies of SCCF grievance documents (Docket Entry No. 79).

Plaintiff's motion for partial summary judgment consists of a single page request "as to the liability of Defendant Bruce Woods for damages for the retaliation to the Plaintiff . . . ." *See* Docket Entry No. 62. Plaintiff supports his motion with his own affidavit (Docket Entry No 62-1), in which he states that Woods caused him to be placed in segregation on July 8, 2014, with the affidavit of inmate Lorenza Zackery (Docket Entry No. 62-2), who states that he witnessed Defendant Woods reach toward Plaintiff's groin area during the incident on February 19, 2014, and with the affidavit of inmate Demetrius Hollins (Docket Entry No. 62-3), who states that he witnessed Woods threaten Plaintiff on July 8, 2014, and accuse Plaintiff of conduct that led to him being taken to segregation.

Both parties have made supplemental filings related to summary judgment, raising technical arguments about the admissibility of the opponent's supporting evidence and contesting the factual basis for the opposing motion. *See* Docket Entry Nos. 71, 72, 73, 75, 76, 90, 91, 93, and 94.

By his motion for a temporary restraining order, Plaintiff asserts that his safety is at risk at his current place of confinement, which is administered by the CCA, due to animosity toward him because of the instant lawsuit, and he also complains about access to legal and personal property. He seeks an order from the Court directing that he be confined at a different institution and one not under the control of CCA. *See* Docket Entry No. 95.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the

Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001) (quoting *Celotex Corp.*, 477 U.S. at 325). "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). *See Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary

5

judgment. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). To defeat a summary judgment motion, the party opposing the motion must present affirmative evidence to support the party's position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

## III. CONCLUSIONS

A. Defendants Chapman and Sullivan

Subsequent to Defendants Chapman and Sullivan filing their motion for summary judgment, Plaintiff filed a motion to dismiss them from the case. *See* Docket Entry No. 92. Accordingly, these two Defendants should be dismissed from the action in accordance with Rule 41(a)(2) of the Federal Rules of Civil Procedure. In light of Defendants' pending motion for summary judgment and Plaintiff's acknowledgment in his motion that there is no evidence to support claims against them, their dismissal should be with prejudice.

B. Defendants Pritchard and Ponds

Plaintiff's Eighth Amendment claim against these two Defendants is for deliberate indifference to his right to personal safety. The claim is based upon Plaintiff's allegation that Pritchard and Ponds knew that Defendant Woods had a history of sexual misconduct and of being a "sexual predator" yet took no steps to prevent Woods from interacting with Plaintiff and other prisoners. *See* Docket Entry No. 1 at 8. Summary judgment should be granted to Defendants Pritchard and Ponds on this claim.

First, dismissal of this claim is required because Plaintiff has not shown that he filed and exhausted an administrative grievance concerning this claim and these allegations. The Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e, provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The PLRA requires a prisoner plaintiff to exhaust all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983 in the district court. *Porter v. Nussle*, 534 U.S. 516, 528, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 733, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Brown v. Toombs*, 139 F.3d 1102, 1103-04 (6th Cir. 1998). Once the defense of failure to exhaust is raised, a prisoner plaintiff must present evidence to show that he has complied with the requirements of exhaustion. *See Napier v. Laurel Cnty., Ky.*, 636 F.3d 218 (6th Cir. 2011). To establish exhaustion, a prisoner plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *abrogated on other grounds*, *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). Further, there is no futility exception to the exhaustion requirement, *Booth*, 532 U.S. at 741 n.6; *Napier*, 636 F.3d at 222, and a prisoner plaintiff cannot abandon the grievance process prior to its completion.

Defendants set forth evidence that the SCCF follows the TDOC grievance policy, which makes a multi-tier grievance system available to inmates within the custody of the TDOC. *See* Declaration of Staggs (Docket Entry No. 55). Defendants also set forth evidence that Plaintiff was aware of this grievance policy and that he had filed three grievances at the SCCF about Defendant Woods on February 4, 2014, February 18, 2014, and July 10, 2014, respectively, *id.* at ¶¶ 9-13 and

7

Docket Entry Nos. 79-1 through 79-4, but that no grievance was filed regarding indifference by Pritchard or Ponds to knowledge of Woods' purported history of sexual misconduct and sexual predation. *See* Docket Entry No. 55 at ¶¶ 15 and 17 and Docket Entry No. 99. Plaintiff admits to only filing a grievance against Defendant Woods. *See* Docket Entry No. 71 at 13, ¶¶ 56-57. It is Plaintiff's burden to rebut Defendants' evidence that shows his failure to exhaust. *See Napier*, *supra*. Plaintiff has not satisfied this burden and has not shown that he met the PLRA's exhaustion requirement for his claim against Defendants Pritchard and Ponds.

The claim against Defendants Pritchard and Ponds also warrants summary judgment in their favor because there is no evidence to support such a claim. Defendants have set forth evidence that Defendant Woods, as part of the screening process for SCCF employees, has undergone several background checks, none of which revealed any criminal history, *see* Declaration of Mary Beth Holt (Docket Entry No. 60), and that Woods does not have either a criminal history or any history of sexual misconduct. *See* Declaration of Woods (Docket Entry No. 56) at ¶¶ 23-26. Defendants further present evidence that they had no knowledge of any criminal history or history of sexual misconduct on the part of Woods, *see* Declaration of Pritchard (Docket Entry No. 57) and Declaration of Ponds (Docket Entry No. 100), and that the only sexual allegation made against Woods at the SCCF was investigated and found to be unsubstantiated. *See* Declaration of Pritchard.

Plaintiff has not set forth any admissible evidence to rebut Defendants's motion. The only support he presents for his claim against Pritchard and Ponds is his assertion that Woods had some type of criminal charge against him that was reduced to a misdemeanor and that Woods is "banned from teaching in any public school system in America." *See* Plaintiff's Response to Defendants' Statement of Undisputed Facts (Docket Entry No. 71) at 6, ¶¶ 22-25. However, Plaintiff's assertion

8

is unsupported by any actual evidence, is conjecture, and is not sufficient to defeat the summary judgment motion. *See Lujan*, 497 U.S. at 888. Furthermore, even if this assertion was supported by admissible evidence, there is no evidence that Defendants Pritchard and Ponds were aware of the information about Woods and ignored it in a manner that evidences deliberate indifference on their part to a serious risk of potential harm to Plaintiff, a finding that would be required for any reasonable jury to find in favor of Plaintiff on this claim. Finally, to the extent that Plaintiff argues that Defendants Pritchard and Ponds are personally liable because they ruled on and were aware of Plaintiff's grievances regarding Woods, this argument fails to support a claim. *See Henry v. Pogats*, 35 F.3d 565, 1994 WL 462129 (6th Cir. Aug. 25, 1994) (unpublished) ("A combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983.").

C. Defendant Woods

Defendant Woods concedes that Plaintiff satisfied the PLRA's exhaustion requirement with respect to the sexual assault claim based upon the February 18, 2014, incident, but argues that Plaintiff failed to file a grievance concerning his allegations of retaliation. Defendant Woods argues that, although Plaintiff filed a grievance against Woods on July 15, 2014, about Woods "repeated harassment," this grievance did not complain of retaliation by Woods. *See* Defendants' Memorandum in Support (Docket Entry No. 53) at 5. While Defendant Woods is correct that the content of Plaintiff's July 15, 2014, grievance does not mention "retaliation" specifically, the content of the grievance clearly asserts that Woods caused Plaintiff to be taken to lock-up pending investigation because of a desire to get back at Plaintiff. *See* Docket Entry No. 79-4. The Court

9

finds Plaintiff's grievance to be sufficient to qualify as a grievance about retaliation on the part of Woods due to Plaintiff's grievance and protest about the February 18, 2014, incident. Accordingly, Defendant Wood's exhaustion defense as to this claim is unpersuasive.

Turning to the merits of the two claims brought against Defendant Woods, the facts surrounding Plaintiff's Eighth Amendment sexual assault claim are disputed. Defendant Woods vehemently denies that he grabbed and squeezed Plaintiff's testicles while Plaintiff and Woods were in Woods' office as alleged by Plaintiff. *See* Declaration of Woods (Docket Entry No. 56). The differing version of events offered by the parties creates a disputed issue of fact. However, this factual dispute does not require resolution at trial because Plaintiff's allegation, even if taken as true, fails to show that an event of constitutional magnitude has occurred.

The Eighth Amendment prohibits the wanton and unnecessary infliction of pain upon a prison inmate. *Whitley v. Albers*, 475 U.S. 312, 319-20, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986); *Caldwell v. Moore*, 968 F.2d 595, 599 (6th Cir. 1992); *Franklin v. Aycock*, 795 F.2d 1253, 1258 (6th Cir. 1986). Nonetheless, not every malevolent touch by a prison guard gives rise to a federal cause of action. *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). Some acts are simply too *de minimis* to rise to the level of a constitutional violation. *See Dean v. Conley*, 20 Fed.App'x. 294, 296 (6th Cir. Sept.17, 2001) ("The Constitution does not provide an avenue of redress for de minimis events in the life of an inmate."); *A'la v. Cobb*, 208 F.3d 212 (6th Cir. 2000) ("De minimis events simply do not state constitutional claims.").

Isolated and minor incidents of alleged sexual assault often fall into this category of improper or reprehensible, but constitutionally insignificant, conduct. *See Tuttle v. Carroll Cty. Det. Ctr.*, 500 Fed.App'x 480, 482 (6th Cir. 2012) (pretrial detainee failed to state constitutional claim based on

allegations that officer grabbed and squeezed detainee's "privates"); *Solomon v. Mich. Dep't of Corr.*, 478 Fed.App'x 318, 320 (6th Cir. 2012) (prison officer's alleged grabbing and groping of inmate's penis did not rise to the level of an Eighth Amendment violation); *Jackson v. Madery*, 158 Fed.App'x. 656, 661 (6th Cir. 2005) (prison employee entitled to summary judgment on Eighth Amendment despite allegations that employee rubbed and grabbed the inmate plaintiff's buttocks during a shakedown); *Kelly v. Moose*, 2013 WL 141132 at *1 (M.D. Tenn. Jan. 10, 2013) (Trauger, J.) (pretrial detainee failed to state a constitutional claim based on allegations that officer groped and fondled the detainee' genitals during a search); *Griffin v. Womack*, 2013 WL 28669 at *5 (W.D. Ky. Jan. 2, 2013) (inmate's allegations that prison guard groped and grabbed inmate's penis did not state an Eighth Amendment claim). Plaintiff's allegation of a brief and single inappropriate touching by Defendant Woods is the type of allegation that fails to support a constitutional claim. Summary judgment should be granted to Defendant Woods on this claim.

With respect to Plaintiff's retaliation claim, a prisoner retains First Amendment rights to file non-frivolous grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), and cannot be retaliated against because he has exercised his First Amendment rights. *Smith v. Campbell*, 250 F.3d 1032, 1036-37 (6th Cir. 2001); *Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999). The actual allegation made in Plaintiff's complaint is that Defendant Woods issued a "series" of ten false disciplinary write-ups against Plaintiff, each of which was dismissed. There is no evidence before the Court supporting this allegation.

However, in Plaintiff's motion for partial summary judgment and his responses to Defendants' motion for summary judgment he identifies the incident occurring on July 8, 2014, as an act of retaliation. *See* Docket Entry No. 62 and No. 90. Even taken as true, this incident provides

insufficient evidence supporting a claim that Defendant Woods retaliated against Plaintiff in violation of his constitutionally protected rights. Because of the unique context of the prison setting, some events that are objectionable to the complaining prisoner simply do not rise to a level of harm necessary to implicate constitutional concern. *See Thaddeus-X,* 175 F.3d at 395 and 398. While an act need not be egregious in order to be adverse, prisoner inmates "may be required to tolerate more than a average citizen." *Id*. at 398. In order to satisfy the adverse action requirement, a prison inmate must show more than *de minimis* harm, *id.* at 396, and "routine inconveniences of prison life [ ] do not constitute adverse action." *Reynolds-Bey v. Harris*, 428 Fed.App'x. 493, 503 (6th Cir. 2011). The alleged adverse action at issue was Plaintiff being taken to temporary segregation for a short period of time. Without evidence of something more significant and remarkable, this is an act inherent to incarceration and one that falls within the scope of *a de minimis* action that does not support a retaliation claim. Summary judgment should be granted to Defendant Woods on this claim.

D. Plaintiff's Motion for Partial Summary Judgment and Motion for a Temporary Restraining Order

Plaintiff's competing motion for partial summary judgment on the liability of Defendant Woods should be denied in light of the Court's finding that there is a lack of evidence supporting a constitutional claim against Defendant Woods. Plaintiff has offered nothing in his motion that requires a different conclusion.

Plaintiff's motion for a temporary restraining order should likewise be denied. He has not shown a persuasive basis for extraordinary injunctive relief, and the Court's findings herein show that he does not have a likelihood of success on the merits of his constitutional claims. Furthermore,

the complaints raised by Plaintiff in his motion are unrelated to the claims raised in his Complaint, and the requested order would not bind the individuals who are named in this lawsuit. *See Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010); *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000).

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) Plaintiff's motion to dismiss Defendants Arvil Chapman and Daniel Sullivan (Docket Entry No. 92) be GRANTED, and Defendants Avril Chapman and Daniel Sullivan be DISMISSED WITH PREJUDICE;

2) the motion for summary judgment of Defendants Arvil Chapman, Bruce Woods, Daniel Sullivan, and Daniel Pritchard (Docket Entry No. 52) and the motion for summary judgment of Defendant Bryon Ponds (Docket Entry No. 97) be GRANTED;

3) Plaintiff's motion for partial summary judgment (Docket Entry No. 62) be DENIED;

4) Plaintiff's motion for a temporary restraining order (Docket Entry No. 95) be DENIED; and

5) this action be DISMISSED WITH PREJUDICE as to all Defendants.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation.

*See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

> Respectfully submitted,
>
> _____
> BARBARA D. HOLMES
> United States Magistrate Judge