IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ANTOINE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:15-cv-00011 |
| v. | ) Senior Judge Haynes |
| | ) |
| BRUCE WOODS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

Plaintiff, Antoine Smith, an inmate at the Trousdale Turner Correctional Center formerly confined at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against the Defendants: Bruce Woods, Corrections Corporation of America ("CCA"),[1] Arvil Chapman, Daniel Pritchard, Daniel Sullivan, and Bryon Ponds. Plaintiff alleges that Defendant Woods sexually propositioned him and grabbed his testicles, and that Defendant Woods subsequently retaliated against Plaintiff by issuing him a series of ten disciplinary write-ups that were dismissed. Plaintiff asserts claims that Defendant Woods violated his Eighth Amendment right to be free from wanton and unnecessary infliction of pain and his First Amendment right to be free from retaliation. Plaintiff also assert an Eighth Amendment claim against all other Defendants for knowingly exposing inmates to Defendant Woods's sexual advances.

Defendants Chapman, Woods, Sullivan, and Pritchard filed a motion for summary judgment (Docket Entry No. 52) with supporting documents that included a statement of undisputed facts (Docket Entry No. 54), to which Plaintiff filed a response (Docket Entry No. 71). Plaintiff filed a

---

[1]The Court dismissed Defendant CCA from this action in the Court's Order adopting the Magistrate Judge's recommendation that Defendant CCA's motion to dismiss be granted. (Docket Entry No. 63).

motion for partial summary judgment (Docket Entry No. 62) with a late-filed statement of undisputed facts (Docket Entry No. 93), to which Defendants Chapman, Woods, Sullivan, and Pritchard filed a response (Docket Entry No. 94). Defendants Chapman, Woods, Sullivan, and Pritchard also filed a response to Plaintiff's motion for partial summary judgment (Docket Entry No. 73) with supporting documents that included a statement of undisputed facts (Docket Entry No. 75), to which Plaintiff filed a response (Docket Entry No. 90). Plaintiff filed a motion to dismiss Defendants Chapman and Sullivan (Docket Entry No. 92) as well as a motion for a temporary restraining order (Docket Entry No. 95), to which Defendant CCA filed a response (Docket Entry No. 96). Defendant Ponds filed a motion for summary judgment (Docket Entry No. 97) with supporting documents that included a statement of undisputed facts (Docket Entry No. 101), to which Plaintiff filed a late response (Docket Entry No. 116).

Before the Court is the Magistrate Judge's Report and Recommendation (Docket Entry No. 109) recommending: (1) that Defendants Chapman and Sullivan be dismissed with prejudice in accordance with Fed. R. Civ. P. 41(a)(2); (2) that the motion for summary judgment of Defendants Chapman, Woods, Sullivan, and Pritchard (Docket Entry No. 52) be granted; (3) that Defendant Ponds's motion for summary judgment (Docket Entry No. 97) be granted; (4) that Plaintiff's motion for partial summary judgment (Docket Entry No. 62) be denied; (5) that Plaintiff's motion for a temporary restraining order (Docket Entry No. 95) be denied; and (6) that this action be dismissed with prejudice as to all Defendants.

Plaintiff filed objections to the Report and Recommendation (Docket Entry No. 115), to which Defendants filed a response (Docket Entry No. 117). Plaintiff's specific objections are, in essence: (1) that he has submitted sufficient evidence to support his claims; (2) that he submitted

grievances that were not answered or returned and completed an incident report that was destroyed; (3) that the Magistrate Judge misconstrued Defendant Woods' alleged actions as a search; and (4) that the Magistrate Judge did not account for the difficulties that Plaintiff's conditions of confinement impose on his preparation of filings in this action. Defendants argue that the Report and Recommendation should be adopted in its entirety. (Docket Entry No. 117 at 5). Plaintiff did not object to the Magistrate Judge's recommendation that Defendants Chapman and Sullivan be dismissed with prejudice in accordance with Fed. R. Civ. P. 41(a)(2). The Court concludes that Plaintiff's motion to dismiss Defendants Chapman and Sullivan (Docket Entry No. 92) should be granted and the motion for summary judgment filed by Defendants Chapman and Sullivan (Docket Entry No. 52) should be denied as moot.

Upon de novo review, the Court **ADOPTS in part** the Magistrate Judge's Report and Recommendation. For the reasons set forth below, the Court concludes that based upon the undisputed facts, Defendants have demonstrated that Plaintiff failed to exhaust his administrative remedies as to his claims against Defendants Pritchard and Ponds. The Court also concludes that Plaintiff's proof fails to establish that the allegations underlying Plaintiff's First Amendment retaliation claim against Defendant Woods rise to the level of a constitutional violation. Finally, the Court concludes that Defendant Woods is not entitled to summary judgment on Plaintiff's sexual assault claim because a genuine dispute of material fact exists on whether Defendant Woods violated Plaintiff's Eighth Amendment rights.

Under the Prisoner Litigation Reform Act ("PLRA"), a prisoner that files an action to challenge his prison conditions must exhaust all available administrative remedies established by state law. 42 U.S.C. § 1997e(a); see Jones v. Bock, 549 U.S. 199, 218-20 (2007). The PLRA

"requires proper exhaustion," and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90, 93 (2006). "[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999). To seek dismissal, a defendant must show that the prisoner failed to exhaust his administrative remedies. Jones, 549 U.S. at 217.

Here, SCCF followed the Tennessee Department of Correction ("TDOC") Policy regarding inmate grievances. (Docket Entry No. 71 at ¶ 45). The grievance policy applies to inmate concerns with the substance or application of SCCF practices, any single action toward an inmate by staff or other inmates, or any condition that personally affects the inmate. Id. TDOC Policy requires an inmate to file a grievance with specific details such as "dates, times, and the names of the persons involved" in the occurrence underlying the grievance. Id. at ¶ 49. A grievance is exhausted where the grievance complies with applicable TDOC policies and the inmate appeals any adverse ruling through the TDOC commissioner's office. Id. at ¶¶ 46, 60.

The record reflects that the grievance chairperson received three grievances from Plaintiff. On February 4, 2014, Plaintiff filed a grievance stating that, on January 23, 2014, he was "verbally and morally offended" by Defendant Woods and requesting that Defendant Woods be held accountable for his "unprofessional attitude [and] tone." (Docket Entry No. 79-2 at 4). Plaintiff explained that he had visited Defendant Woods's office to deliver requested material and tapped on his window, and Defendant Woods "storm[ed] out of his office," used a "negative tone" to convey his "dislike" of Plaintiff's greeting," and told Plaintiff "never to tap on his office window again." Id.

4

at 5. The "Response of Supervisor of Grieved Employee or Department" reflects that the supervisor "did not determine that any policy violation occurred." Id. at 6. The "Chairperson's Response and Reason(s)" section of the "Inmate Grievance Response" reflects that Plaintiff's grievance was "inappropriate" because it was filed more than seven days following the incident. Id. at 4. Plaintiff appealed this ruling to the TDOC commissioner's office and the deputy commissioner of operations concurred with the supervisor. Id. at 1.

On February 19, 2014, Plaintiff filed a grievance stating that Defendant Woods sexually assaulted him in his office and requesting that Defendant Woods be terminated. (Docket Entry No. 79-3 at 4-5). Plaintiff explained that Defendant Woods "grabbed [his] crotch" and Plaintiff hit Defendant Woods's hand away. Id. at 5. According to this grievance, Defendant Woods then told Plaintiff to leave his office, called security to report that Plaintiff refused to leave his office, and Plaintiff "quickly left an[d] waited for the security team." Id. The "Response of Supervisor of Grieved Employee or Department" states: "This incident was reviewed and investigated per protocol on 2/19/2014 by the facility investigator and was determined to be unsubstantiated." Id. at 6. The "Chairperson's Response and Reason(s)" section of the "Inmate Grievance Response" states: "Inappropriate per policy 501.01 Section 01 same or similar 272235." Id. at 4. Upon Plaintiff's appeal, the warden and the deputy commissioner of operations concurred with the supervisor. Id. at 1-3.

On July 10, 2014, Plaintiff filed a grievance stating that Defendant Woods approached him in the library and threatened to retaliate against Plaintiff for the allegations in his sexual assault grievance. (Docket Entry No. 79-4 at 1-2). Plaintiff stated that he then drew attention to the situation, and Defendant Woods told prison guard that Plaintiff was threatening him. Id. at 2. Plaintiff was then

5

"handcuffed and escorted to lock-up pending a[n] investigation." Id. at 2. The "Response of Supervisor of Grieved Employee or Department" states: "After review, . . . it was [Plaintiff] who approached [Defendant] Woods' personal space [and] it was also documented on a disciplinary report that day. . . . [Plaintiff] was restrained [and] escorted to medical after failing to comply . . . ." Id. at 3. The "Chairperson's Response and Reason(s)" section of the "Inmate Grievance Response" states: "Inappropriate per policy 501.01 Sec VI I-1 Same or similar to grievance #272760-20658." Id. at 1. The grievance form reflects that Plaintiff appealed this ruling, but the outcome of any appeal is not attached to the grievance. Id. at 1.

Plaintiff's first objection is a list of supporting evidence that he contends to have submitted regarding his claims in this action, including: copies of two grievances; "write-ups" endorsed by Defendant Woods; two witness affidavits regarding Defendant Woods's sexual assault and retaliation; Plaintiff's declaration; Plaintiff's statement of facts; and an incident report that Plaintiff asserts was thrown in the trash can by Defendants Pritchard and Ponds. (Docket Entry No. 115 at 6). Based on the Court's review, there are not any "write-ups" endorsed by Defendant Woods in the record. Nonetheless, the Court has considered the other listed documents, as well as Plaintiff's other filings, in its de novo review of the Magistrate Judge's Report and Recommendation.

Plaintiff's second objection concerns exhaustion under the PLRA. The Magistrate Judge found that Plaintiff's claims against Defendants Pritchard and Ponds should be dismissed because Plaintiff has not demonstrated that he exhausted the available administrative remedies. (Docket Entry No. 109 at 7-8). Plaintiff argues that he filed grievances against Defendants Pritchard and Ponds that were not answered or returned. (Docket Entry No. 115 at 7).

The Court concludes that Plaintiff failed to exhaust his administrative remedies as to

6

Defendants Pritchard and Ponds because there is not any admissible evidence that he submitted any grievances regarding Defendants Pritchard and Ponds. Proper exhaustion requires filing a grievance in accordance with applicable TDOC policies. (Docket Entry No. 71 at ¶ 46). Under TDOC Policy, an inmate grievance must include specific details such as "dates, times, and the names of the persons involved" in the occurrence underlying the grievance. Id. at ¶ 49. Here, Plaintiff's three grievances do not mention Defendants Pritchard and Ponds by name, nor were Defendants Pritchard and Ponds involved in the allegations underlying Plaintiff's grievances. Although Plaintiff now contends that he filed grievances regarding Defendants Pritchard and Ponds that were not answered or returned, Plaintiff's bare assertion is not properly supported as required by the Federal Rules of Civil Procedure. See Fed. R. Civ. Pro. 56(c)(1). Further, Plaintiff does not provide any detail regarding the substance of these alleged grievances that would tie the grievances to Plaintiff's claims against Defendants Pritchard and Ponds in this action.

Plaintiff argues that he completed an incident report "in front of [Defendant] Ponds [that] was found in the trash can of [Defendant] Pritchard," (Docket Entry No. 115 at 7), but that does not bear on whether he filed grievances against those Defendants. With his "motion to submit Plaintiff incident report as evidence," filed after the Report and Recommendation, Plaintiff included an incident statement that he completed and that appears to bear the signatures of Defendants Pritchard and Ponds. (Docket Entry No. 114). Even considering this incident statement, the statement only describes Defendant Woods's alleged sexual assault. Id. at 2. The statement does not concern activity by Defendants Pritchard and Ponds, nor does it refer to any grievances that Plaintiff submitted regarding Defendants Pritchard and Ponds. Id. Because Plaintiff presents no admissible evidence to rebut Defendants' showing, Defendants have carried their burden of demonstrating that Plaintiff

failed to exhaust his administrative remedies as to Defendants Pritchard and Ponds. See Jones, 549 U.S. at 217. Thus, Plaintiffs claims against Defendants Pritchard and Ponds should be dismissed.

Plaintiff's third objection is that the Magistrate Judge misconstrued Defendant Woods's alleged sexual assault of Plaintiff as a search. (Docket Entry No. 115 at 7). Upon review of the Report and Recommendation, the Court concludes that the Magistrate Judge did not consider the allegations against Defendant Woods to constitute a search. Instead, the Magistrate Judge found a material factual dispute as to whether Defendant Woods sexually propositioned Plaintiff and grabbed and squeezed his testicles. (Docket entry No. 109 at 10). Yet, the Magistrate Judge also found that these alleged actions failed to rise to the level of a constitutional violation. Id. at 10-11. The Court agrees with the Magistrate Judge that the facts surrounding Plaintiff's Eighth Amendment sexual assault claim are disputed, but concludes that this dispute creates a constitutional harm when viewed in the light most favorable to Plaintiff.

The Court of Appeals has noted that "sexual abuse of a prisoner by a corrections officer may in some circumstances violate the prisoner's right to be free from cruel and unusual punishment" under the Eighth Amendment. Jackson v. Madery, 158 F.App'x 656, 662 (6th Cir. 2005) (quoting Boddie v. Schnieder, 105 F.3d 857, 860-61 (2d Cir.1997)). "To prevail on a constitutional claim of sexual [abuse], an inmate must . . . prove, as an objective matter, that the alleged abuse . . . caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." Kelly v. Moose, No. 3:12-cv-1339, 2013 WL 141132, at *2 (M.D. Tenn. Jan. 10, 2013) (Trauger, J.) (quoting Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997)). The objective component is "contextual and responsive to contemporary standards of decency." Jackson, 158 F.App'x at 662 (quoting Hudson v. McMillian, 503 U.S. 1, 7, 8 (1992)). Yet, "not 'every malevolent

touch by a prison guard gives rise to a federal cause of action.'" Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (quoting Hudson, 503 U.S. at 9). "[M]inor, isolated incidents of sexual touching, even coupled with occasional offensive sexual remarks, do not rise to the level of an Eighth Amendment violation." Kelly, 2013 WL 141132, at *2.

Here, Plaintiff asserts that Defendant Woods sexually propositioned him as well as grabbed and squeezed his testicles while Plaintiff was in Defendant Woods's office. Defendant Woods denies touching or sexually propositioning Plaintiff. (Docket Entry No. 56 at ¶¶ 14-15). Viewing the evidence in a light most favorable to Plaintiff, as required at this juncture, this was more than a "minor" incident of sexual touching. See Kelly, 2013 WL 141132, at *2. Plaintiff alleges that Defendant Woods "grabbed and squeezed" his testicles, an action more likely to cause pain than mere touching. See Perkins v. Jacobsen, No. 2:11-CV-271, 2013 WL 3776303, at *1 (W.D. Mich. July 17, 2013) ("[W]hile a brief touching of the penis or buttocks might properly be considered a 'minor' incident within the Eighth Amendment context, the Court is not convinced that the grabbing of an inmate's penis is necessarily a similarly 'minor' incident."). Further, unlike the cases cited by the Magistrate Judge as demonstrating "isolated and minor incidents of alleged sexual assault," this incident occurred outside the context of a routine search or pat-down. See, e.g., Tuttle v. Carroll Cnty. Det. Ctr., 500 F.App'x 480, 482 (6th Cir. 2012) (affirming the district court's dismissal where a pretrial detainee alleged that a female deputy grabbed and squeezed his "privates" during a pat down). In this context, the Court concludes that there is a genuine dispute of fact as to whether Defendant Woods violated Plaintiff's Eighth Amendment rights.

Plaintiff also asserts a First Amendment retaliation claim against Defendant Woods for harassing Plaintiff and issuing ten write-ups against Plaintiff that were dismissed after Plaintiff filed

9

the sexual assault grievance. (Docket Entry No. 1 at 5). The Magistrate Judge found that Plaintiff properly exhausted his administrative remedies as to this claim, but that the claim should be dismissed because there is not any evidence that Defendant Woods's alleged actions were more than de minimis. (Docket Entry No. 109 at 9-12). Plaintiff does not specifically object to the Magistrate Judge's finding, but generally states in his first objection that he provided sufficient evidence to support his claims. (Docket Entry No. 115 at 6).

For his retaliation claim, Plaintiff must prove: (1) that he engaged in constitutionally protected conduct; (2) that he suffered an adverse action that would deter a person of ordinary firmness from continuing to engage in the protected conduct; and (3) that the adverse action was motivated, at least in part, by the protected conduct. Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir.1999). An inmate has a constitutionally protected right under the First Amendment to file non-frivolous grievances against prison officials. Herron v. Harrison, 203 F.3d 410, 415 (6th Cir. 2000).

Here, Plaintiff has not demonstrated that he suffered an adverse action that would "deter a person of ordinary firmness" from filing grievances. See Thaddeus-X, 175 F.3d at 394. As the Sixth Circuit has explained, "not every objectionable act directed at a prisoner constitutes adverse action sufficient to deter a person of ordinary firmness from engaging in protected activities." Reynolds-Bey v. Harris, 428 F.App'x 493, 503 (6th Cir. 2011) (discussing Sixth Circuit decisional law regarding the "adverse action" prong of retaliation claims in the prisoner context).

Although Plaintiff alleges that Defendant Woods issued ten write-ups against him—and Plaintiff's first objection states that he submitted "write-up's endorse [sic] by Bruce Woods" as evidence supporting his claims—the record does not contain such evidence. Plaintiff's July 2014 grievance does describe an incident of alleged retaliation by Defendant Woods, but that action does

not support Plaintiff's retaliation claim. There, Plaintiff stated that Defendant Woods approached him in the library and threatened retaliation for filing the sexual assault grievance. (Docket Entry No. 79-4 at 1-2). Plaintiff stated that he drew attention the situation, and Defendant Woods told prison guards that Plaintiff was threatening him. Id. at 2. Plaintiff was then "handcuffed and escorted to lock-up pending a[n] investigation." Id. at 2. Plaintiff admits that he was released from "inmate segregation" after the investigation was complete. (Docket Entry No. 62-1 at 2). The Court concludes, as the Magistrate Judge found, that "Plaintiff being taken to temporary segregation for a short period of time . . . is an act inherent to incarceration and one that falls within the scope of a *de minimis* action that does not support a retaliation claim." (Docket Entry No. 109 at 12); see Thaddeus-X, 175 F.3d at 398 ("[C]ertain threats or deprivations are so de minimis that they do not rise to the level of being constitutional violations . . . ."). Thus, Plaintiff's retaliation claim against Defendant Woods should be dismissed.

In his final objection, Plaintiff states that he is treated unfairly at the CCA facility where he is currently confined because he filed this action, and that facility's "lock downs" limit his opportunities to conduct legal research. (Docket Entry No. 115 at 8). These assertions pertain to the conditions of his current confinement, not the allegations underlying his complaint. Plaintiff's objection is misplaced in this action.

Finally, Plaintiff did not object to the Magistrate Judge's denial of his motion for partial summary judgment or his motion for a temporary restraining order. As to Plaintiff's motion for partial summary judgment regarding Defendant Woods's liability (Docket Entry No. 62), there is a genuine dispute of fact as to whether Defendant Woods violated Plaintiff's Eighth Amendment rights and Plaintiff's proof fails to establish a First Amendment retaliation claim against Defendant Woods.

Thus, the Court concludes that Plaintiff's motion for partial summary judgment (Docket Entry No. 62) should be denied.

As to his motion for a temporary restraining order, Plaintiff requests an order that he be transferred to a TDOC facility for the remainder of his confinement due to concerns about his safety and well-being at CCA facilities. (Docket Entry No. 95). Plaintiff may not seek an injunction pertaining to conduct unrelated to his claims in this action. See Colvin v. Caruso, 605 F.3d 282, 300 (6th Cir. 2010) (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). Thus, Plaintiff's motion for a temporary restraining order should be denied.

For these collective reasons, the Report and Recommendation (Docket Entry No. 109) should be adopted in part. Defendants Chapman and Sullivan should be dismissed with prejudice under Fed. R. Civ. P. 41(a) and Plaintiff's motion to dismiss these Defendants (Docket Entry No. 92) should be granted. The motion for summary judgment of Defendants Chapman, Pritchard, Sullivan, and Woods (Docket Entry No. 52) should be granted in part and denied in part. The motion for summary judgment of Defendant Ponds (Docket Entry No. 97) should be granted. Plaintiff's motion for partial summary judgment (Docket Entry No. 62) and motion for a temporary restraining order (Docket Entry No. 95) should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the 7th day of September, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge